UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:08-cr-00283-RCJ-RJJ |
| STEVEN BOOTH et al., | ) | |
| Defendants. | ) | **ORDER** |

This is an appeal of a magistrate judge's order granting in part Defendant's Motion for Preauthorization Discovery. For the reasons given herein, the Court grants the Government's appeal and vacates the order in part.

## I.  FACTS AND PROCEDURAL HISTORY

On October 28, 2008, a federal grand jury returned a multiple-count, multiple-defendant indictment. The indictment charges that the various Defendants are members of the "Playboy Bloods," a RICO enterprise (as defined in 18 U.S.C. § 1961(4)) engaged in a "pattern of racketeering activity" (as defined in 18 U.S.C. § 1961(5)). Defendants Stephen Booth, Jacorey Taylor, Reginald Dunlap, and Marquette Tillman have each been charged with committing a violent crime, murder, in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(1) and (a)(2). These Defendants have also been charged with the use of a firearm during and in relation to a crime of violence in

violation of 18 U.S.C. §§ 924(c)(1), 924 (j)(1), and 924(j)(2). This is a capital case. Federal death penalty procedure is based on the Federal Death Penalty Act of 1994, codified at 18 U.S.C. § 3591 *et seq*. The Government must file and serve notice of its intent to seek the death penalty. 18 U.S.C. § 3593(a)(1). The notice of intent must be served at a "reasonable time before the trial" or before the court accepts a guilty plea. 18 U.S.C. § 3593(a). The notice must set forth "the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death . . . ." 18 U.S.C. § 3593(a)(2).

In order to aid in the even-handed and non-arbitrary application of Federal capital sentencing laws, the Department of Justice has issued what is commonly referred to as the "death penalty protocol." *See* United States Attorneys Manual 9-10.000 *et seq*. The protocol mandates that certain procedures be followed in all federal cases in which a defendant may be eligible for the death penalty. The United States Attorney General makes the final decision on whether to seek the death penalty. USAM 9-10.040. The decision is informed, in large measure, by submissions from the United States Attorney for the district in which the case is pending. USAM 9-10.080. The submissions should include a prosecution memorandum which provides, among other things, a detailed death penalty analysis. In that analysis the United States Attorney should identify the applicable threshold intent factors of 18 U.S.C. § 3591, applicable statutory aggravating factors under 18 U.S.C. § 3592(b)–(d) and applicable mitigating factors under 18 U.S.C. § 3592(a). Ultimately, the memorandum includes the United States Attorney's determination as to whether the death penalty should be sought and is submitted to the Department of Justice's Capital Case Unit for review. USAM 9-10.120. If the United States Attorney recommends seeking the death penalty or a member of the Capital Review Committee requests a conference, a Capital Case Unit attorney will meet with representatives of the United States Attorney's office and defense counsel to consider the case. *Id*. After review, the Capital Review Committee makes a recommendation to the Attorney General who makes the final decision regarding whether the Government will seek the death penalty.

*Id*.

By way of the present motion, Booth seeks an order for pre-authorization discovery. Each of the death penalty eligible Defendants has joined the motion. Specifically, Defendants seek an order requiring the Government to (1) provide a broader range of discovery than what has already been provided and (2) disclose all *Brady* material relevant to the Government's decision whether to pursue the death penalty. Defendants' arguments are based, in large measure, on the internal protocols employed by the Department of Justice in determining whether to seek the death penalty in eligible cases. *See* USAM 9-10.000 *et seq.* Defendants' *Brady* arguments center on the premise that *Brady* disclosures ought to be made when they will be of most value to the accused. In this instance, Defendants argue that the requested information will be of most value at the death penalty authorization phase.

The Government, noting that it has provided significant discovery, including the homicide files, *Brady*, and *Jencks* materials related to the murders (Counts 2, 4, 5, and 8 in the Indictment), opposes any further pre-authorization discovery. The Government argues that neither the capital statutory sentencing scheme, *see* 18 U.S.C. § 3591 *et seq.*, nor the Department of Justice's death penalty protocol provides for early discovery. The Government also argues that the requested discovery is simply an attempt to circumvent the protections afforded to its death penalty evaluation form and prosecutorial memorandum.

## II. LEGAL STANDARDS

> A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy . . . . The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous.

Fed. R. Crim. P. 59(a).

///

### III. ANALYSIS

The magistrate judge ("MJ") noted that the USAM does not create discovery rights or other rights, and that the Ninth Circuit has held that death penalty evaluations by the Government and prosecutorial memoranda are protected work-product. The MJ therefore denied Defendants' request to produce such information. The MJ also noted that the Government had already provided significant material and turned over all relevant information and evidence in its possession apart from *Jencks* and *Giglio* material, which need only be turned over sometime before cross-examination of a witness. In our District, such material is typically turned over before the commencement of trial.

The MJ, however, reasoned that because this is a death-penalty case, *Brady* required early discovery of aggravating and mitigating factors that the Government might use in the penalty phase. The Court respectfully finds that this ruling was contrary to law. *Brady* indeed requires the disclosure of evidence favorable to either guilt or punishment, *see United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)), but there is no requirement to disclose evidence bearing only on issues of punishment before the guilt phase of a trial:

> The evidence suppressed in *Brady* would have been admissible only on the issue of punishment and not on the issue of guilt, and therefore could have affected only Brady's sentence and not his conviction. Accordingly, the Court affirmed the lower court's restriction of Brady's new trial to the issue of punishment.

*United States v. Bagely*, 473 U.S. 667, 675 (1985). "[T]he confession [in *Brady*] could not have affected the outcome on the issue of guilt but could have affected Brady's punishment. It was material on the latter issue but not the former. And since it was not material on the issue of guilt, the entire trial was not lacking in due process." *United States v. Agurs*, 427 U.S. 97, 106 (1976). Under the *Brady* line of cases, due process only requires disclosure of aggravating or mitigating sentencing information known to the prosecution at some point before the penalty phase.

The MJ required additional disclosure of the following eleven categories of information,

presumably based on *Brady*:

    1. All evidence related to the involvement in the crimes charged in the current Indictment of any person or persons against whom the Government has not charged offenses carrying the possibility of the death penalty.

    2. Information and evidence regarding the uncharged criminal conduct of any alleged coparticipant, charged or uncharged, who is not currently eligible for the death penalty.

    3. Information and evidence regarding whether the victim of any alleged murder was engaged in criminal activity at or near the time of the alleged crimes.

    4. Information and evidence that persons other than the charged defendants may have had a motive to kill any victim of a murder currently charged in the Indictment.

    5. Information and evidence related to the commission of any death eligible offense in the furtherance of a racketeering enterprise alleged in the Indictment which was committed, or was suspected to have been committed, by any defendant, charged conspirator, or uncharged conspirator, who has not been charged with a death penalty-eligible offense, or who the Government has already decided not to seek the death penalty.

    6. Tangible evidence which the Government intends to use at any penalty phase or which is material to the defense of any penalty phase trial.

    7. All scientific evidence, forensic evidence, tangible objects, or evidence which the Government intends to offer in its case-in-chief at either the guilt or penalty phase, and which a jury may consider for purposes of determining penalty.

    8. Information or evidence that would demonstrate, or tend to demonstrate, that any death eligible defendant in this case suffers now, or suffered at the time of the alleged murders, from any impaired mental capacity amounting to mitigation under 18 U.S.C. 3592(a)(1).

    9. Any uncharged bad acts or uncharged criminal activity known to the Government and allegedly committed by any death-eligible defendant.

    10. Information regarding any payments, benefits, consideration, immunity, or promises that are pertinent to likely witnesses against death eligible defendants.

    11. Information or evidence that demonstrates, or tends to demonstrate, that any of the death-eligible defendants have a character, background, role in the charged death-eligible offenses, or any other factor or fact that would "mitigate against imposition of the death sentence" within the meaning of 18 U.S.C. 3592(a)(8).

(Mag. J. Order 4:21–5:13, July 8, 2010, ECF No. 364). The MJ reasoned that any additional danger to witnesses from such disclosure could be ameliorated by protections afforded by the Government.

1    The Court respectfully disagrees that *Brady* requires all of these disclosures, particularly at
2 this early stage. In its motion for review, the Government specifically objects only to items 5 and
3 10. The information in item 10 need not be provided until, at the earliest, three days before trial. 18
4 U.S.C. § 3432. Even this requirement can be overborne by a showing that a witness's life or safety
5 may be put in jeopardy by a three-day pretrial disclosure. *See id.* The Court agrees with the
6 Government that early disclosure of "payments, benefits, consideration, immunity, or promises"
7 given to witnesses would necessarily identify those witnesses and would endanger their safety. The
8 Government cannot be expected to provide 24-hour protection for witnesses against an allegedly
9 violent, criminal gang for such a long period before trial. As the Government notes, a trial date has
10 not yet been set. The required witness protection would be of indefinite duration at this point. The
11 Court therefore vacates the MJ's order as to item 10.

12    The Government objects that item 5 is overbroad. The Court agrees. As the MJ correctly
13 noted, information relevant to sentencing factors must be produced at a reasonable time before trial.
14 *See* 18 U.S.C. § 3593(a) and (a)(2). But this is the case only if the Government in fact intends to
15 seek the death penalty. *See* § 3593(a) and (a)(1). Although it is undisputed that some Defendants
16 are death-penalty eligible, the Department of Justice ("DOJ") has not yet issued a determination on
17 whether the Government will seek the death penalty in this case. The Government had until August
18 20, 2010 to submit its recommendations to the DOJ, and the DOJ has ninety days thereafter to make
19 its determination. (*See* Minute Order, July 6, 2010, ECF No. 365). Therefore, section 3593 has not
20 yet been triggered and might not be triggered until late November.

21    If and when that section is triggered, item 5 in the MJ's order will still be overbroad. The
22 relevant mitigating factor is found in § 3592(a)(4): that "[a]nother *defendant or defendants*, equally
23 culpable in *the* crime, will not be punished by death." 18 U.S.C. § 3592(a)(4) (emphases added).
24 First, the statute uses the definite article "the," not the indefinite article "a," indicating that disclosure
25 is required only for another person who is equally culpable in the same crime for which the

defendant will potentially be sentenced to death. Second, the statute uses the words "defendant or defendants," not "person or persons," indicating that information concerning the culpability of persons who are not defendants with respect to the crime for which the relevant defendant may be sentenced to death is irrelevant to the statute. The MJ, however, ordered the broad disclosure of:

> Information and evidence related to the commission of *any death eligible offense in the furtherance of a racketeering enterprise alleged in the Indictment* which was committed, or was suspected to have been committed, by any defendant, *charged conspirator, or uncharged conspirator, who has not been charged with a death penalty-eligible offense*, or who the Government has already decided not to seek the death penalty.

(Mag. J. Order 4:27–5:2, July 8, 2010, ECF No. 364 (emphases added)). The language in the second emphasized segment of text is overbroad because it requires disclosure concerning non-defendants and co-defendants who have not been charged with the same crime as the relevant defendant. The language in the first emphasized segment of text is overbroad if interpreted to mean that the Government is required to disclose information and evidence related to death-eligible offenses that are different from the offense with which the relevant defendant is charged. For example, Booth and another Defendant may be charged with committing separate murders in furtherance of the same racketeering enterprise. The language of § 3592(a)(4) only requires disclosure of the fact—if it is indeed the case—that the other Defendant will not be punished by death if the other Defendant is equally culpable in the same murder that Booth himself committed. Item 5 exceeds the requirements of the statute because it would require disclosure of the fact that the death penalty will not be sought against a Defendant who did not commit the same crime as Booth. This requirement would read "the" as "a" or "any." Item 5 would then go further to require disclosure of information concerning the commission of death-eligible offenses, in furtherance of the same racketeering enterprise, suspected to have been committed by parties not charged with any offense at all. This further requirement would read "defendant or defendants" as "person or persons." The Court declines to interpret the statute so broadly, against its plain meaning.

Apart from a purely textual analysis, the language of the statute is eminently sensible. As the case law makes clear, the decision to sentence a defendant to death is the most procedurally delicate undertaking in the American courts. The Supreme Court and the Courts of Appeal closely examine the tiniest nuances in sentencing proceedings. Section 3592(a)(4) serves to ensure that a fact-finder in the sentencing phase of a death-penalty trial considers the justice of sentencing a defendant to death when another defendant who will not be sentenced to death is equally culpable for the same crime. The statute helps to ensure that the fact-finder has the proper information to "compare apples to apples" by in effect holding culpability for the same crime constant while contrasting the aggravating and mitigating factors surrounding the relevant defendant and the other, equally culpable defendant.

## CONCLUSION

IT IS HEREBY ORDERED that the Government's Request for Review (ECF No. 368) is GRANTED, and the order of July 8, 2010 (ECF No. 364) is VACATED in part, as delineated in this order.

IT IS SO ORDERED.

DATED: This 19th day of October, 2010.

_____
ROBERT C. JONES
United States District Judge